In the United States District Court
For the Western District of Virginia
Roanoke Division

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 18 2019
JULIA C. DUDLEY, CLERK
BY: /s/ A Scoge
DEPUTY CLERK

Jacob Alan Shouse, #1101441,
　　　　Plaintiff,
V.
Shaya Hawkins, Carl Manis,
Richard Saylor, and
Mattie Wright, Ms. Couch
　　　　Defendants.

7:19CV772

Jury Trial Demanded

Civil Action

## Preliminary Statement

This is a civil rights action filed by petitioner and prisoner, Jacob Alan Shouse, No.1101441, pro se litigant suing for injunction and damages under 42 U.S.C. §1983 for allegations of cruel and unusual punishment and deliberate indifference to a serious medical/mental health need in violation of the Eighth Amendment of the United States Constitution.

## Jurisdiction

1) This court has jurisdiction of the plaintiffs claims pursuant to 28 U.S.C. §1343

## Venue

2) This court has venue under 28 USC §1391

## Parties

3) Defendant S. Hawkins, R. Saylor and M. Wright, Ms. Couch are the plaintiffs' primary Mental Health Authority, they are employed as Qualified Mental Health Professionals (QMHPs) at Wallens Ridge State Prison (WRSP) by the VADOC, they are responsible for plaintiffs mental health care at all times relevant in this case, they are each being sued in their official

-1-

and Individual capacities.

4) Defendant C. Manis is the Warden at WRSP and his responsibilities are outlined under VA code 53.1 as an agent of the VADOC, he is being sued in his official and Individual capacity.

5) All defendants have acted and continue to act under color of state law relevant to this complaint

FACTS

6) Plaintiff was transferred to WRSP on Sept. 24, 2019, a supermax/security level 5 facility, from a security level 2/3 low medium Pocahontas State Correctional Center for non-violent minor infractions that increased his security level.

7) Two days after plaintiff arrived, Sept. 26, 2019, he attempted suicide, he lacerated his throat and jugular vein requiring 15 sutures, he then swallowed the razor, he received 2 units blood transfusion and an eight day hospital admittance due to correctional officers not making required monitor rounds in seg. every 30 minutes.

8) Plaintiff is considered seriously mentally ill with several mental health diagnoses, i.e., Bi-polar, depression, PTSD and Borderline Personality, he is labeled M.H. code S, "At Risk" per VADOC operating procedure 730.3, and was supposed to be checked/monitored every 30 minutes while housed in solitary segregation, he went unmonitored for over 2 hrs.

9.) Plaintiff is SUICIDAL, an imminent danger to himself, he has a plan to commit suicide, yet he seeks help to no avail. He has voiced these ideations to QMHP's innumerable times but has no access to adequate mental health treatment.

-2-

10) Plaintiff was held on suicide precautions for the past month and is now being forced to go to general population or remain in segregation. Despite other alternatives (per VADOC operating procedures 730.3 levels of service) being available, he is being denied adequate treatment commensurate to his serious needs and risk of suicide. He continues to suffer.

11) Plaintiff spent 13 consecutive years in long-term solitary confinement in Va's supermax prisons, but had a previous 4 year successful behavior transition at lower security levels 2015-2019 when he was infraction free and a 1 yr. success at a Mental Health Unit 2016-2017.

12) Plaintiff was held for 8 days Sept. 26 - Oct. 4 in hospital admittance being tortured by excessive force and a barbaric use of restraints. He was kept tied/chained up in full transport restraints, i.e., cuffs, black box, waist chain, shackles and React-shock belt for 8 consecutive days without reprieve — not even a chance to bathe or use of restroom. This done with severe injury to plaintiffs' wrists where deep-holed-abrasions and burns ate into them and have bruises and pinched nerves in also his ankles. A React-shock belt tightly around his abdomin despite enjested foreign bodies. Nurses had to continuously ask for "flex cuffs" to be utilized, but was denied.

13) Plaintiff has exhausted all administrative remedies in a timely manner by which have been made available to him

-3-

by prison officials.

## Claims for Relief

14) The actions or non-actions of Defendants B. Hawkins, Saylor and Wright to refuse, beyond professional judgment and clinical indication, the plaintiff adequate mental health treatment for his extensive history of suicidal ideations and tendencies and recent suicide attempt and continuous plan to commit suicide because of his serious mental illness, denying him services available within the VADOC that are clinically indicated clearly constitutes an 8th amendment violation of denial of adequate mental health treatment and deliberate indifference to a serious medical/mental health need under color of law and will result in the imminent suicide of plaintiff as the level of inadequate service he's receiving is unconstitutional.

15) And the non-actions of Defendant to NOT curb the routine practice of the making required monitoring rounds in segregation every 30 minutes and routine practice of barbarically "hog-tying" patients in the hospital during lengthy stays to which plaintiff was subjected and the associated injuries he sustained constitute cruel and unusual punishment, deliberate indifference to plaintiff's mental health care and use of excessive force in violation of the Eighth Amendment of the U.S. Const.

Therefore the plaintiff demands a trial by jury on all issues the court sees fit to try.

## Relief Requested

Wherefore, the plaintiff seeks the following relief:

A) Issue an injunction ordering defendants to refer

-4-

the plaintiff for an immediate transfer to an appropriate mental health unit/facility to meet his clinical needs

B) Issue a judgment that the use of full restraints during lengthy hospital stays are unconstitutional when other safe measure are discernable/available

C) Reward compensatory, punitive and nominal damages against each defendant severely in excess of $25.00 jointly.

D) Any other relief the court may deem appropriate

E) That plaintiff be allowed to proceed in forma pauperis pursuant to 28 U.S.C. §1915 (see declaration herewith)

F) That plaintiff be allowed to amend this complaint pursuant to the Fed. R. Civ. P.

I swear under penalty of perjury the foregoing is true pursuant to 19 U.S.C. §1746

Respectfully Submitted
Jacob Shouse #1101441
WRSP
PO Box 759
Big Stone Gap, Va. 24219

-5-

Jacob Shouse 1131441
Wallens Ridge State Prison
PO Box 759
Big Stone Gap, Va. 24219



Virginia Dept of Corrections
Has Neither Censored or Inspected
Item. Therefore the Dept Does Not Assume
Any Responsibiliy For It's Contents

Clerk
US District Court
Western Region
210 Franklen Rd. Rm 540
Roanoke, Va. 24011

LEGAL MAIL